In the District Court of the United States
For The District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| Eunice Husband, #11522-026, ) | Civil Action No. 9:05-1564-TLW-GCK |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF THE MAGISTRATE JUDGE** |
| Patrick Lovett, Senior Officer; ) | |
| Johnny Sheffield, Senior Officer; ) | |
| and FCI Estill, ) | |
| ) | |
| Defendants. ) | |

## I. INTRODUCTION

The Plaintiff, Eunice Husband ("Plaintiff" or "Husband") was incarcerated in the Federal Correctional Institution ("FCI") in Estill, South Carolina at the time of the alleged incidents giving rise to this action. Proceeding *pro se* and *in forma pauperis*, Plaintiff filed this action against Patrick Lovett, Senior Officer ("Officer Lovett"); Johnny Sheffield, Senior Officer ("Officer Sheffield"), and FCI Estill, alleging that Officer Lovett and Officer Sheffield collectively violated his constitutional rights by using excessive force while transferring him to a cell at FCI Estill. Plaintiff requests that the court relieve Officer Lovett and Officer Sheffield of their duties, and he seeks monetary damages in the amount of $100,000.00 from Officer Lovett, the same amount from Officer Sheffield, and $500,000.00 from FCI Estill.

Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2), D.S.C., the undersigned United States Magistrate Judge is authorized to review this matter and submit findings and recommendations to the District Court. *See also* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## II. *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980) (*per curiam*); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (Small v. Endicott, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).



## III. *IN FORMA PAUPERIS* ACTION

Plaintiff brought this action in forma pauperis ("IFP") under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs before proceeding with the lawsuit. [2-1] To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action

"fails to state a claim on which relief may be granted" or is "frivolous or malicious."[1] A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under Section 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Michau v. Charleston County, —F.3d —, 2006 WL 120342 at *2 (4th Cir. Jan. 18, 2006). The court may dismiss a claim as "factually frivolous" under Section 1915(e) if the facts alleged are clearly baseless. Denton v. Hernandez, supra. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. Id.

## IV. FACTUAL BACKGROUND

According to Plaintiff's Complaint, on March 22, 2005, Plaintiff was escorted from the dining area to the holding cell of the Special Housing Unit ("SHU") by Officer Lovett and Officer Sheffield. Once in the holding cell, Plaintiff told Officer Lovett and Officer Sheffield he would not move into a cell with another inmate. According to Plaintiff, it is standard procedure for an inmate to be cited for an infraction for refusing a direct order if an inmate refuses to be placed with a cellmate. Rather than citing Plaintiff, however, Plaintiff contends that Officer Lovett and Officer Sheffield "took the situation into their own hands" and forced Plaintiff, whose hands were cuffed behind him, into SHU Cell #412. Plaintiff alleges that Officer Lovett and Officer Sheffield twisted his handcuffed hands and arms upward and shoved him in the back, causing injuries to Plaintiff's right and left arms and lower back.[2] Plaintiff seeks monetary damages as compensation for the alleged assault.[3]



---

[1]  28 U.S.C. §§ 1915(e)(2)(B)(i), (ii).

[2]  See Complaint [1-1] at pp.1-2.

[3]  See Complaint [1-1] at pp.1-2.

## V. PROCEDURAL HISTORY IN FEDERAL COURT

The Plaintiff commenced this action on May 17, 2005,[4] contending that Officer Lovett and Officer Sheffield had assaulted him while forcing him against his will into a cell with a cellmate. An Answer was timely filed on behalf of Officer Lovett, Officer Sheffield, and FCI Estill (collectively, the "Defendants") which raised as a defense the Plaintiff's failure to exhaust administrative remedies prior to filing suit. [16-1] *See, e.g.,* Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 681 (4th Cir. 2005) (the failure to exhaust his administrative remedies in a prison conditions complaint "must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant.") (Citations omitted).

On October 31, 2005, the Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P., arguing that Plaintiff had failed to exhaust his administrative remedies prior to filing suit. [17-1] Thereafter, on November 1, 2005, the undersigned issued an Order, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the Motion for Summary Judgment. [18-1]



Plaintiff timely filed a Response to Defendants' Motion to Dismiss. [21-1] On December 13, 2005, the Defendants, in turn, filed a Reply, attaching various exhibits, including BOP policy statements in support of their arguments. Accordingly, this matter is ripe for review.

## VI. THE STANDARD FOR DETERMINING A MOTION FOR SUMMARY JUDGMENT

The Defendants' Motion for summary judgment is governed by the holding in Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

---

[4] Plaintiff has the benefit of the holding of Houston v. Lack, 487 U.S. 266 (1988) with respect to the delivery date of his Complaint. [3-1]

> which that party will bear the burden of proof at trial. In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

It is important to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion. Felty v. Graves-Humphreys Co., 818 F. 2d 1126 (4th Cir. 1987). Similarly, genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions. Stone v. University of Md. Medical Sys. Corp., 855 F. 2d 167 (4th Cir. 1988).

In deciding whether to grant a motion for summary judgment, all justifiable inferences must be drawn in favor of the non-moving party. Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990); *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In addition, "once a plaintiff 'has named a witness to support [his] claim, summary judgment should not be granted without . . . somehow showing that the named witness' possible testimony raises no genuine issue of material fact.'" Miltier, 896 F.2d at 852, *quoting* Celotex v. Catrett, 477 U.S. 317, 328 ( 1986) (White J., concurring).



For purposes of evaluating the appropriateness of summary judgment, this court must construe the facts are set forth in the light most favorable to Plaintiff. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("[O]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.") (internal quotation marks omitted); Fed.R.Civ.P. 56(c) (Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.").

When, as in the present case, the Defendants are the moving party, and the Plaintiff has the ultimate burden of proof on an issue, the Defendants must identify the parts of the record that demonstrate the Plaintiff lacks sufficient evidence. The nonmoving party, then, must then go

Page 5 of 11

beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

## VII. DISCUSSION

Before the court will turn its attention to Plaintiff's claim, it first must address the threshold issue of exhaustion of administrative remedies. The Defendants argue that the plaintiff has failed to exhaust his administrative remedies and thus the action should be dismissed pursuant to Rule 12(b)(1) and 12(b)(6). Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Thus, exhaustion of administrative remedies prior to filing suit is required by 42 U.S.C. § 1997e(a).[5] As the Supreme Court observed:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal

---

[5] In their Motion, the Defendants also argued that the case should be dismissed pursuant to Rule 12(b)(1) on the grounds that the court lacked jurisdiction over Plaintiff's claims. The Defendants argued that a suit against a federal agency or federal officer in his official capacity actually stated a claim against the United States. Will v. Dept. of State Police, 491 U.S. 58 (1989). Thus, the suit will lie only if the United States has waived sovereign immunity. FDIC v. Meyers, 510 U.S. 471, 475 (1994). The United States has not waived its sovereign immunity for constitutional misconduct. See FDIC v. Meyers, 510 U.S. at 477-78 (actions for constitutional torts may not lie against the United States). Furthermore, as federal employees, Officer Lovett and Officer Sheffield are not amenable to suit under Section 1983, and thus this action will be considered under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the judicially established equivalent of a statutory 42 U.S.C. § 1983 lawsuit against state officials for violations of constitutionally protected rights. In the present case, as Plaintiff's allegations concerning Officer Lovett and Officer Sheffield related to actions they took in their official capacities, the Plaintiff essentially was bringing the action against the United States. See, e.g., Kentucky v. Graham, 473 U.S. 159; 165-66 (1985). The doctrine of sovereign immunity, however, would shield the United States from suit absent its consent to be sued. Loeffler v. Frank, 486 U.S. 549 (1998). Although this case could be dismissed pursuant to Rule 12(b)(1), it likewise may be dismissed pursuant to Rule 12(b)(6) for failing to exhaust administrative remedies prior to filing suit.

f

> review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.[6]

There is no doubt that the PLRA's exhaustion requirement is mandatory. *See* Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir.2005), *citing* Porter v. Nussle, 534 U.S. 516, 524 (2002) ( "once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy and effective. The effectiveness of the administrative procedure to produce the inmate's requested remedy and/or the alleged futility of the administrative remedies to produce the inmate's requested remedy are not exceptions to the exhaustion of administrative remedies requirement under the Act.).



In the case at hand, it is undisputed that the Plaintiff's complaint is an action "with respect to prison conditions" under Section 1997e(a). The Bureau of Prison ("BOP") has established a three-tiered grievance process whereby an inmate may seek redress for the alleged deprivation of any right. 28 C.F.R. § 542.10. The process begins with the inmate attempting to informally resolve the complaint with a staff member. 28 C.F.R. § 542.13(a). If informal resolution is not successful, the inmate may file a formal written complaint to the Warden. This complaint must be filed within 20 calendar days from the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within 30 calendar days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a).

To satisfy the exhaustion requirement, Plaintiff would need to demonstrate that he pursued his claim through all four steps of the administrative grievance process, through his appeal to the

---

[6] Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (citations and quotations omitted).

General Counsel. 28 C.F.R. § 542.15(a). Only after completing all steps of the process will a prison in fact be found to have exhausted his administrative remedies. Jackson v. District of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001).

In this case, the Plaintiff failed to exhaust the administrative remedy process.[7] Plaintiff filed a BP 8 ½, which represents an informal step in the administrative remedy process. Pursuant to policy, the BP 8 ½ is not maintained unless a BP 9 is filed. Plaintiff's Correctional Counsel at FCI Estill, John Nichols, recalled that Plaintiff filed a BP 8 ½; Nichols also recalled explaining to Plaintiff the UDC's reason for finding he had committed the prohibited act, and assuring him that his allegations against Officer Lovett and Officer Sheffield would be investigated.[8] Nichols further stated: "When I gave [Plaintiff] my response to his BP 8 ½, he requested a BP 9 which I issued to him. [Plaintiff] never gave me a completed BP-9 on this issue. A review of Sentry indicates [Plaintiff] did not file a BP-9, BP-10, or BP-11 on this issue."[9]

Indeed, Plaintiff admits that he initiated the administrative grievance process on March 25, 2005 but never followed through.[10] Plaintiff's failure to exhaust is his administrative remedies is obvious from the face of the complaint.



Plaintiff argues that he was justified in filing his complaint by the BOP's "procrastination" which resulted in the BOP failing to timely respond to his informal request.[11] This argument is not only incorrect but irrelevant. Plaintiff contends that "the time frame ordinarily for response to a BP 8 ½ is three working days[.]" Plaintiff is simply wrong. As Gena Pedroni, the Executive Administrative Remedy Coordinator at FCI Estill has explained by affidavit, BOP Program

---

[7] See Affidavit of Tami Rippon, attached as Exhibit 1 to Defendants' Motion to Dismiss. [17-1]

[8] See Affidavit of John Nichols, attached as Exhibit 2 to Defendants' Motion to Dismiss. [17-1]

[9] Id.

[10] See Complaint [1-1] at p. 2, II C.

[11] See Plaintiff's Response [21-1] at p. 6.

Statement 1330.13, Administrative Remedy Program, Section 5 states: "The deadline for completion of an informal resolution and submission of an administrative remedy request to the warden is 20 calendar days following the date the incident/complaint occurred."[12] As Plaintiff admits in his Response, the BOP in fact replied to his BP 8 ½ in twenty days. Thus, the BOP timely responded to Plaintiff's informal complaint. Plaintiff failed to pursue the administrative grievance process to a conclusion. Because the PLRA requires that an inmate exhaust his administrative remedies before suing over prison conditions and Plaintiff has not exhausted his administrative remedies as to the Defendants, it is recommended that Plaintiff's complaint be dismissed.

## RECOMMENDATION

Based upon the foregoing, it is recommended that the Defendants' Motion to Dismiss **[17-1] should be granted**.

George C. Kosko
United States Magistrate Judge

January 26, 2006

Charleston, South Carolina

---

[12] *See* Attachment 2 to Defendants' Reply *and* Affidavit of Gena Pedroni, attached as Exhibit B to Defendants' Reply. [22-1]

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of its service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.) 1984, *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to

object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir. 1985)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. \*\*\* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. \*\*\* We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. \*\*\* A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
